# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **EDLENCO BILLUPS** | **CASE NO.: 5:96-CR-00023-LAG-CHW-1** |

### NOTICE OF DEFENDANT'S OBJECTIONS TO THE REVOCATION REPORT

Edlenco Billups, through counsel, files objection to the sentencing guideline calculations as calculated in the Revocation Report. (Doc. 181). In support, he states the following:

### Objection to Paragraph 21

*21. Pursuant to USSG 7B1.3(g)(2) and USSG 5D1.2(a)(1), the range of supervised release, if re-imposed, is up to 3 years.*

1. On April 3rd, 1997, Mr. Billups was sentenced to 300 months of prison and five years of supervised release on after a conviction for Conspiracy to Possess with Intent to Distribute Cocaine Base. On May 2, 2019, a reduction in the term of imprisonment was filed pursuant to 18 U.S.C. § 3582(c)(1)(B). Billups term of imprisonment was reduced to time served.

2. His term of supervision commenced on May 3, 2019. On November 3rd, 2021, the Court held a hearing on the Petition to Revoke Supervised Release. (Doc. 183). At the conclusion of the evidence and after argument, the Court found that the Mr. Billups had violated the conditions as outlined in the Petition. Pertinent to this motion, the Court found that some of the violations constituted Grade A violations pursuant to U.S.S.G. § 7B1.1(a)(1).[1]

---

[1] A Grade A violation is defined by the Sentencing Guidelines as "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of

3. As a result of the Court's findings and factoring in Mr. Billups's original Criminal History Category of VI, the Revocation Report calculated the advisory sentencing guideline as 33 to 36 months. (Doc. 181, para. 25).

4. In 1996, when Mr. Billups was sentenced the maximum sentence for an offense pursuant to 21 U.S.C. § 846 in conjunction with 21 U.S.C. § 841(a)(1) was life imprisonment, thus pursuant to 18 U.S.C. § 3559(a)(1), the offense was a Class A felony. *See* 21 U.S.C. §§ 841(a)(1). A Class A felony is any offense that is not specifically assigned a letter grade by the section defining it that has as a maximum sentence of either life imprisonment or death. 18 U.S.C. § 3559(a)(1). The Court may sentence a defendant whose offense is classified as a Class A felony to a maximum of 5 years of prison. 18 U.S.C. § 3583(e)(3).

5. Subsequent to his original sentence but prior to being resentenced on the supervised release violation, 21 U.S.C. §§ 841(a)(1) was amended by the Fair Sentencing Act ("FSA") which became effective August 3, 2010. *See* 18 U.S.C. §841 (*effective* August 3, 2010). The FSA changed the required quantities of cocaine base to trigger the mandatory minimums as well as the maximum sentences. Mr. Billups's conviction was for a "covered offense," within the meaning of § 404(a) of the First Step Act, because it explicitly incorporated the drug quantities in 21 U.S.C. § 841 that sections 2 and 3 of the Fair Sentencing Act had " 'modified.' "(quoting § 404(a), First Step Act). This Court should calculate his new statutory sentencing range based only on the drug quantity

---

violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years". U.S.S.G. 7B1.1(a)(1).

alleged in the indictment – not the quantities proffered in his PSR, or the quantity that the judge had found by a preponderance of the evidence. Based on the drug quantity alleged in his indictment, he was no longer subject to a statutorily-mandated life sentence.

6. Mr. Billups's offense should be reclassified as a Class C felony based on the FSA, as he did not have the 280 grams amount required to trigger the lifetime maximum sentence and the indictment did not allege an amount. Thus, the maximum sentence that the court could sentence Mr. Billups should also reflect the reclassification to a Class C felony to be no more than 2 years in prison. *See* 18 U.S.C. § 3583(e). His sentencing guideline range should be 24 months. U.S.S.G. § 7B1.4(a)(1).

7. The purpose of the FSA is generally known to correct the sentencing disparities existing in cases involving crack cocaine versus those cases involving powder cocaine. The Supreme Court concluded that Congress intended the FSA's lenient penalties to apply to those offenders whose offenses preceded the August 3, 2010 effective date but were sentenced after that date. *Dorsey v. U.S.*, 123 S.Ct. 2321, 2331 (2012). The Supreme Court cited to several reasons that supported applying the FSA to all defendants sentenced after its passage: (1) the 1871 saving statute permits Congress to apply a new Act's more lenient penalties to pre-Act offenders without expressly saying so in the new Act, (2) the Sentencing Reform Act sets forth a special and different background principle, (3) language in the FSA implies that Congress intended to follow the Sentencing Reform Act background principle here, (4) apply the 1986 Drug Act's old mandatory minimums to post August 3 sentencings would create

disparities of the kind that Congress enacted the Sentencing Reform Act and the FSA to prevent, (5) not to apply the FSA would do more to preserve the disproportionate status quo and (6) there is no strong countervailing consideration.  *Id.* at 2331-2335.[2]

8. Here, Mr. Billups is being resentenced after the effective date of the FSA and he asserts that he did not have the required 280 grams of cocaine base necessary to trigger the lifetime maximum sentence and thus does not classify his offense as a Class A felony.  To continue to sentence Mr. Billups under the pre-FSA statutes frustrates the purposes of the FSA and continues to maintain the recognized disparities that the FSA sought to prevent and correct.  This Court should continue to recognize the negative impact the 1986 Drug Act's had by recognizing that Mr. Billups's offense should now be classified as a Class C felony and sentence him accordingly.[3]

Dated this 17th day of November 2021.

Respectfully submitted,

/s/**Kelly M. Sullivan**
Kelly M. Sullivan
CO. Bar No. 50241
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel:  (706) 358-0030
Fax: (706) 358-0029
Email: kelly_sullivan@fd.org

---

[2] Counsel does note however that the *Dorsey, supra.* does not address whether the FSA should apply retroactively to offenders whose offense predated the FSA and were sentenced before the effective date.
[3] Counsel is aware of the holding in *United States v. Jones*, 962 F.3d 1290, 1303 (11th Cir. 2020). However, the 3rd Circuit in *U.S. v. Turlington* 696 F.3d 425(3d Cir. 2012) and the 2nd Circuit in *U.S. v. Johnson*, 786 F.3d 241 (2nd Cir. 2015) both held that the maximum violation terms at the time of the original sentencing governed despite the post FSA changes and the holding in *Dorsey v. U.S. supra.*

## CERTIFICATE OF SERVICE

I, Kelly M. Sullivan, hereby certify that, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

/s/**Kelly M. Sullivan**
Kelly M. Sullivan
CO. Bar No. 50241
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel:  (706) 358-0030
Fax: (706) 358-0029
Email: kelly_sullivan@fd.org