IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 5:96-cr-00023-LAG-CHW-1 |
| | : |
| EDLENCO BILLUPS | : |
| | : |
| **Defendant.** | : |
| | : |

**UNITED STATES' RESPONSE IN OPPOSITION TO EDLENCO BILLUPS'S OBJECTION TO THE REVOCATION REPORT**

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and files this response to Billups's Objection to the Revocation Report. Doc. 185.

I.   BACKGROUND AND PROCEDURAL HISTORY

On April 3, 1997, Billups was sentenced to serve 300 months imprisonment based on his plea of guilty to the charge of Conspiracy to Possess with the Intent to Distribute Cocaine Base. Doc. 52. On May 1, 2019, after the passage of the Fair Sentencing Act of 2018, Billups's sentence was reduced to time served followed by four years of supervised release. Docs. 162-163.

**The Recent Revocation Offenses**

On June 14, 2020, Billups committed the offense of public indecency. Doc 181. In April and May of 2021, Billups used and possessed a controlled substance. Doc. 181.

The USPO issued a revocation report on October 27, 2021, which set forth four violations of Billups's supervised release. On November 12, 2021, this Court held an evidentiary hearing and found that all four violations had been proven. The revocation report found that violation no. 3 was a Grade A violation. Doc. 181, para. 16 & 21.

At the conclusion of the evidentiary hearing the defendant objected to the classification *of his original offense of conviction*. In a post hearing written objection, Doc. 185., defendant argues that his original conviction should now be reclassified as a Class C felony. If so reclassified, the defendant would be subject to three years supervised release *and a maximum term of imprisonment, upon revocation, of two years*.  18 U.S.C. §§ 3550(a) and 3583(b) and (e).

**II.   DISCUSSION**

In 2010 Congress passed the Fair Sentencing Act. Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by replacing the "50 grams or more" cocaine base threshold for triggering the enhanced penalties in that subsection with "280 grams or more;" and § 841(b)(1)(B)(iii) was also amended by replacing the "5 or more" cocaine base threshold for triggering the enhanced penalties in that subsection with "28 grams or more."  The Fair Sentencing Act became effective on August 3, 2010.

In 2018, Congress enacted the First Step Act, which granted district courts discretion to reduce the sentences of crack-cocaine offenders who were sentenced before the effective date of the Fair Sentencing Act.  More specifically, the First Step Act permits, but does not require, a district "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  First Step Act § 404(b).  The Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  *Id.* § 404(a).

A defendant convicted of a Class A felony can be sentenced to a maximum of 60 months' imprisonment upon revocation of supervised release. 18 U.S.C. § 3583(e)(3). The Fair Sentencing Act applies retroactively to determine the grade of the offense of conviction.

2

Billups' conviction (an offense involving 50 to 150 grams of crack cocaine) thus becomes a Class B felony, as the maximum term of imprisonment for his underlying offense is now 40 years.  18 U.S.C. § 3559(a)(2).

Billups now contends that considering his *prior conviction* as a Class B felony runs afoul of *Alleyne v. United States,* 133 S. Cr. 2151 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Should the government's argument prevail, the change from a Class A felony to a Class B felony will reduce the statutory maximum term of imprisonment for a violation of supervised release to a statutory cap of 36 months. 18 U.S.C. § 3583(e)(3).

If Billups's argument prevails, the change from a Class A felony to a Class C felony reduces the statutory maximum term of imprisonment for a violation of supervised release to 24 months.

The Government submits that the *Apprendi/Alleyne* doctrine should not apply in this context.  The authority of a district court to modify an sentence of imprisonment  is narrowly limited by 18 U.S.C. § 3582.  *United States v. Phillip*s, 597 F. 3d. 1190 (11th Cir. 2010) and *United States v. Maeillo,* 805 F. 3d 992 (11th Cir. 2015).  This Court may only modify a final sentence under limited circumstances.  There are no such circumstances present here.

This Court modified Billups's sentence in 2019 under 18 U.S.C. § 3582, which allowed retroactive application of the Fair Sentencing Act. Billups's judgment was properly modified at that time to a 4 year term of supervised release based on a Class B felony.  The Court granted relief on that basis to Defendant when his sentence was reduced. In 2019 defendant made these same arguments and the Court ruled against him. Docs. 161-163. The Court reduced his term of supervised released from 5 years to 4 years, as is reflected in the amended judgment. Doc. 165.

In 2019 Billups did not appeal his judgement which classified his sentence as a Grade B offense.  Defendant cites no authority which would authorize this Court to retroactively change the terms of that judgment now.  The Eleventh Circuit has held that a movant may not use *Apprendi* to collaterally attack his sentence or to redefine his offense in light of the First Step Act of 2018.  *United States v. Jones*, 962 F. 3d 1290 (11th Cir. 2020).  This is so because in determining a movant's statutory penalty under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing.  In the case at bar, the plea agreement contains the Billups's sworn stipulations that he purchased one ounce of crack cocaine and then facilitated the robbery of an additional 98 grams of crack cocaine.

Billups was held accountable at his original sentencing for 126 grams of crack cocaine. The Fair Sentencing Act would place this quantity in the 21 U.S.C. § 841(b)(1)(B)(iii) range, a Class B felony.

### III.   CONCLUSION

The United States respectfully submits that defendant Billups's objections to the Revocation be overruled.

                PETER D. LEARY
                ACTING UNITED STATES ATTORNEY

BY:   */s/Jim Crane*
         JIM CRANE
         Assistant United States Attorney
         Ga. Bar No. 193275
         United States Attorney's Office
         Middle District of Georgia
         201 W. Broad Ave.
         Albany, Georgia 31701
         Telephone: (229) 430-7754
         Email: Jim.Crane@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jim Crane, Assistant United States Attorney, hereby certify that on the 24th day of November, 2021, I electronically filed the within and foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record.

RESPECTFULLY SUBMITTED, this 24th day of November, 2021.

        PETER D. LEARY
        ACTING UNITED STATES ATTORNEY

BY:   */s/Jim Crane*
       JIM CRANE
       Assistant United States Attorney
       Ga. Bar No. 193275
       United States Attorney's Office
       Middle District of Georgia
       201 W. Broad Ave.
       Albany, Georgia 31701
       Telephone: (229) 430-7754
       Email: Jim.Crane@usdoj.gov